**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) | JURY TRIAL DEMANDED |
| E*TRADE FINANCIAL CORPORATION, RODGER A. LAWSON, KEVIN T. KABAT, RICHARD J. CARBONE, ROBERT CHERSI, JAIME W. ELLERTSON, JAMES P. HEALY, JAMES LAM, SHELLEY B. LEIBOWITZ, MICHAEL A. PIZZI, REBECCA SAEGER, DONNA L. WEAVER, JOSHUA WEINREICH, MORGAN STANLEY, and MOON-EAGLE MERGER SUB, INC., ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on February 20, 2020 (the "Proposed Transaction"), pursuant to which E*TRADE Financial Corporation ("E*TRADE" or the "Company") will be acquired by Morgan Stanley ("Parent") and Moon-Eagle Merger Sub, Inc. ("Merger Sub," and together with Parent, "MS").

2. On February 20, 2020, E*TRADE's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with MS. Pursuant to the terms of the Merger Agreement, E*TRADE's stockholders

will receive 1.0432 shares of Parent common stock for each share of E*TRADE common stock they own.

3. On April 17, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of E*TRADE common stock.

9. Defendant E*TRADE is a Delaware corporation and maintains its principal executive offices at 671 N. Glebe Road, Arlington, Virginia 22203. E*TRADE's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "ETFC."

10. Defendant Rodger A. Lawson is Chairman of the Board of the Company.

11. Defendant Kevin T. Kabat is a director of the Company.

12. Defendant Richard J. Carbone is a director of the Company.

13. Defendant Robert Chersi is a director of the Company.

14. Defendant Jaime W. Ellertson is a director of the Company.

15. Defendant James P. Healy is a director of the Company.

16. Defendant James Lam is a director of the Company.

17. Defendant Shelley B. Liebowitz is a director of the Company.

18. Defendant Michael A. Pizzi is Chief Executive Officer and a director of the Company.

19. Defendant Rebecca Saeger is a director of the Company.

20. Defendant Donna L. Weaver is a director of the Company.

21. Defendant Joshua Weinreich is a director of the Company.

22. The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

23. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

24. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

25. Plaintiff brings this action as a class action on behalf of himself and the other public

stockholders of E*TRADE (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

26. This action is properly maintainable as a class action.

27. The Class is so numerous that joinder of all members is impracticable. As of February 18, 2020, there were approximately 221,168,310 shares of E*TRADE common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

28. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

29. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

30. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

31. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

32. E*TRADE and its subsidiaries provide financial services including brokerage and banking products and services to traders, investors, stock plan administrators and participants, and registered investment advisers ("RIA").

33. Securities products and services are offered by E*TRADE Securities LLC. Commodity futures and options on futures products and services are offered by E*TRADE Futures LLC. Managed Account Solutions are offered through E*TRADE Capital Management, LLC. Bank products and services are offered by E*TRADE Bank, and RIA custody solutions are offered by E*TRADE Savings Bank, both of which are federal savings banks. Employee stock and student loan benefit plan solutions are offered by E*TRADE Financial Corporate Services, Inc.

34. On February 20, 2020, E*TRADE's Board caused the Company to enter into the Merger Agreement with MS.

35. Pursuant to the terms of the Merger Agreement, E*TRADE's stockholders will receive 1.0432 shares of Parent common stock for each share of E*TRADE common stock they own.

36. According to the press release announcing the Proposed Transaction:

Morgan Stanley (NYSE: MS) and E*TRADE Financial Corporation (NASDAQ: ETFC) have entered into a definitive agreement under which Morgan Stanley will acquire E*TRADE, a leading financial services company and pioneer in the online brokerage industry, in an all-stock transaction valued at approximately $13 billion. Under the terms of the agreement, E*TRADE stockholders will receive 1.0432 Morgan Stanley shares for each E*TRADE share, which represents per share consideration of $58.74 based on the closing price of Morgan Stanley common stock on February 19, 2020. . . .

The acquisition is subject to customary closing conditions, including regulatory approvals and approval by E*TRADE shareholders, and is expected to close in the fourth quarter of 2020.

*The Registration Statement Omits Material Information*

37. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

38. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

39. First, the Registration Statement omits material information regarding the Company's and MS's financial projections.

40. With respect to the Company's financial projections, the Registration Statement fails to disclose projected tangible book value.

41. With respect to MS's financial projections, the Registration Statement fails to disclose: (i) projected tangible book value; and (ii) projected earnings per share.

42. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

43. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, J.P. Morgan Securities LLC ("JPM") and Ardea Partners LP ("Ardea").

44. With respect to JPM's Public Trading Multiples Analysis – E*TRADE Standalone, the Registration Statement fails to disclose the individual multiples and metrics for the company

6

observed by JPM in the analysis.

45. With respect to JPM's Dividend Discount Analysis – E*TRADE Standalone, the Registration Statement fails to disclose: (i) the cash amounts estimated to be distributed to E*TRADE stockholders in the form of dividends and share repurchases, and the additional cash distributions E*TRADE would make to its stockholders, as used by JPM in the analysis; (ii) the terminal values for E*TRADE; and (iii) the individual inputs and assumptions underlying the discount rates of 11.0% to 12.0% and the perpetuity growth rate range of 2.75% to 3.25%.

46. With respect to JPM's Dividend Discount Analysis – Morgan Stanley Standalone, the Registration Statement fails to disclose: (i) the cash amounts estimated to be distributed to MS stockholders in the form of dividends and share repurchases, and the additional cash distributions MS would make to its stockholders, as used by JPM in the analysis; (ii) the terminal values for MS; and (iii) the individual inputs and assumptions underlying the discount rates of 10.25% to 11.25% and the perpetuity growth rate range of 2.75% to 3.25%.

47. With respect to JPM's Broker Price Targets analyses, the Registration Statement fails to disclose: (i) the price targets observed by JPM in the analyses; and (ii) the sources thereof.

48. With respect to Ardea's Dividend Discount Analyses for E*TRADE, the Registration Statement fails to disclose: (i) the annual cash amounts estimated to be distributed to E*TRADE stockholders in the form of dividends and share repurchases, and the amount of additional capital distributions, as used by Ardea in the analysis; (ii) the terminal values for E*TRADE; (iii) the individual inputs and assumptions underlying the range of discount rates from 11.0% to 13.0% and the perpetuity growth rates ranging from 3.0% to 3.5%; and (iv) the total number of fully diluted shares of E*TRADE common stock outstanding.

49. With respect to Ardea's Premia Paid Analysis, the Registration Statement fails to disclose: (i) the transactions observed by Ardea in the analysis; and (ii) the premiums paid in the transactions.

50. With respect to Ardea's Present Value of Future Stock Price and Dividends Analysis for E*TRADE on a Standalone Basis, the Registration Statement fails to disclose: (i) Ardea's basis for applying a range of implied multiples of price to EPS of 11.0x to 13.0x; (ii) the individual inputs and assumptions underlying the discount rates of 11.0% and 13.0%; and (iii) the future values per share and estimated distributions to be paid per share of E*TRADE common stock as used by Ardea in the analysis.

51. With respect to Ardea's Illustrative Pro Forma Analysis, the Registration Statement fails to disclose: (i) the estimated adjusted EPS and TBV per share of MS; (ii) the synergies used by Ardea in the analysis; and (iii) the integration costs that may be incurred by MS in connection with the Proposed Transaction.

52. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

53. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) E*TRADE's Reasons for the Merger; Recommendation of the E*TRADE Board of Directors; (iii) Certain E*TRADE Unaudited Prospective Financial Information; and (iv) Opinions of E*TRADE's Financial Advisors.

54. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.


## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and E*TRADE

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. E*TRADE is liable as the issuer of these statements.

57. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

58. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

59. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

60. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

61. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

62. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and MS

63. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64. The Individual Defendants and MS acted as controlling persons of E*TRADE within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of E*TRADE and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

65. Each of the Individual Defendants and MS was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

66. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

67. MS also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

68. By virtue of the foregoing, the Individual Defendants and MS violated Section 20(a) of the 1934 Act.

69. As set forth above, the Individual Defendants and MS had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 23, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
    Brian D. Long (#4347)

**OF COUNSEL:**
    Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 1220

**RM LAW, P.C.**
    Wilmington, DE 19801
Richard A. Maniskas
    Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300
    Facsimile: (302) 654-7530
Berwyn, PA 19312
    Email: bdl@rl-legal.com
Telephone: (484) 324-6800
    Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com
    *Attorneys for Plaintiff*